33 F.3d 63
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony Dwight VANLEAR, Petitioner-Appellant,
v.
Ron WARD, Respondent-Appellee.
 No. 94-6146.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1994.
 
 Before LOGAN, McWILLIAMS and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Anthony Dwight Vanlear (Vanlear), appearing pro se and in forma pauperis, appeals from the district court order adopting the United States Magistrate Judge's Report and Recommendation and in dismissing with prejudice Vanlear's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254.
 
 
 3
 Vanlear was convicted in 1991 in Case No. CRF-91-2649 in the Oklahoma County District Court of one count of burglary in the second degree, one count of concealing stolen property, and one count of making a false declaration of ownership to a pawnbroker, all after the former conviction of two or more felonies. Vanlear was sentenced to 20 years on each count, all sentences to run concurrently.
 
 
 4
 In his habeas petition, Vanlear did not attack the validity of his 1991 conviction; rather, he contended that his sentences were illegally enhanced because the court relied on prior invalid convictions in Oklahoma County District Court cases Nos. CRF-84-223, CRF-84-5923 (1984 convictions) and CRF-89-3392 and CRF-89-4527 (1989 convictions).
 
 
 5
 On appeal, Vanlear argues that his conviction in Case No. CRF-91-2649 was enhanced by the aforementioned prior convictions which were illegally obtained based upon influence, coercion and trickery of the state's attorney in violation of the due process clause of the Fourteenth Amendment; the trial court's failure to make a sufficient record showing that he knowingly, intelligently and voluntarily waived his constitutional rights in violation of the Sixth and Fourteenth Amendments; and, failure to provide him a full and adequate hearing in state court.
 
 
 6
 The record reflects that Vanlear's sentences were enhanced only by reliance on the two prior felony convictions arising in 1989 in cases numbered CRF-89-3392 and CRF-89-4527. To the extent that petitioner attempts to challenge his prior felony convictions in CRF-84-223 and CRF-84-5923, the record reflects that the district court did not consider the 1984 convictions for enhancement purposes.
 
 
 7
 The record shows that Vanlear pled guilty to the three counts charged in No. CRF-91-2649, and that he was fully advised of his constitutional rights. The petitioner was fully aware that he was pleading guilty to charges which were enhanced by the aforementioned two prior felony convictions and he was advised that the maximum sentence was life and that the minimum sentence was 20 years. Petitioner was also advised of his right to appeal. No appeal was taken, and petitioner has not moved to withdraw his guilty plea.
 
 
 8
 The district court found, and we agree, that Vanlear's guilty plea in case No. CRF-91-2649 was entered freely, voluntarily and without any coercion. Solemn declarations in open court carry a "strong presumption of veracity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).
 
 
 9
 We affirm for substantially the reason set forth in the United States Magistrate Judge's Report and Recommendation of July 23, 1993.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470